UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Y.R., as Parent and Natural Guardian of Minor Plaintiff, M.M., | : | Civil No. 3:18-CV-402(SRU) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| Yehudi Manzano | : | |
| Defendant | : | August 9, 2018 |

## **UNITED STATES' MOTION TO INTERVENE AND STAY THE CASE**

The United States of America (the "Government") respectfully moves for leave to intervene in the above-captioned case (the "Civil Case") pursuant to Rule 24 of the Federal Rules of Civil Procedure for the limited purpose of seeking a stay of the Civil Case until completion of the related criminal proceeding that is pending before this Court in *United States v. Yehudi Manzano*, Crim. No. 3:18-CR-095(SRU) (the "Criminal Case"). If leave to intervene is granted, the Government also moves to stay the Civil Case pursuant to 18 U.S.C. 3509(k), which provides for a mandatory stay of any civil action for damages involving a child victim of sexual abuse or exploitation when there is related criminal action pending that arises out of the same occurrence and in which the child is a victim.

The Government has conferred with counsel for the parties in the Civil Case. Counsel for the plaintiff takes no position on the Government's motion. Counsel for the defendant does not object to the Government's motion.

## I.     BACKGROUND

### A.     The Criminal Case

On May 3, 2018, a federal grand jury sitting in New Haven returned a two-count indictment charging the defendant, Yehudi Manzano, with production of child pornography, in violation of 18 U.S.C. § 2251(a), and transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). *See* Indictment (Doc. No. 1 in Criminal Case). The Indictment alleges that the victim of the offense was a fifteen-year-old female. Indictment ¶ 2. According to the Indictment, Mr. Manzano "sexually assaulted [the victim] in Connecticut and video recorded the assault with his cell phone." He then "uploaded the video to his Google account[.]" *Id.* ¶ 3.  With respect to the count of production of child pornography, the Indictment alleges that Mr. Manzano "did employ, use, persuade, induce, entice, and coerce a minor, MV, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct[.]" *Id.* ¶ 5.  The Court has scheduled jury selection in the Criminal Case for October 12, 2018.

### B.     The Civil Case

Plaintiff Y.R. in the Civil Case is the parent and natural guardian of plaintiff M.M.  M.M. is the victim of the Criminal Case.  On March 6, 2018, prior to the return of the Indictment, Y.R. filed a civil complaint against Mr. Manzano, seeking damages on the victim's behalf pursuant to 18 U.S.C. § 2255.  *See* Doc. No. 1 (the "Civil Complaint"). That statute allows a victim of certain enumerated criminal offenses—including the offenses charged in the Indictment (18 U.S.C. §§ 2251 and 2252A)—to file a civil suit to recover damages of no less than $150,000.

Like the Indictment, the Civil Complaint alleges that Mr. Manzano used his cell phone to take a video of Mr. Manzano engaged in sexually explicit conduct with the victim when she was

under the age of sixteen.  *See* Civil Complaint ¶¶ 11-16. The Civil Complaint also alleges, like the Indictment, that Mr. Manzano "used, persuade[d], induced, or enticed the plaintiff to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." *Id.* ¶ 23.  Finally, as in the Indictment, the Civil Complaint alleges that Mr. Manzano's conduct constituted violations of 18 U.S.C. §§ 2251 and 2252A. *Id.* at 1 (Count One), 4 (Count Four).

To date, no substantive motions have been filed in the Civil Case, and upon information and belief, discovery has not yet commenced.  In fact, the parties have not even filed its Local Civil Rule 26(f) meeting report.

**II.   DISCUSSION**

    **A.   Intervention is Appropriate Pursuant to Rule 24**

Under Rule 24 of the Federal Rule of Civil Procedure, a non-party may move to intervene in a pending action.  Rule 24(a) allows a non-party to intervene as of right, upon timely application, when the non-party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the [non-party]'s ability to protect its interest, unless existing parties adequately represent that interest."  Alternatively, Rule 24(b) gives courts discretion to permit a non-party to intervene, upon timely application, when the non-party "has a claim or defense that shares with the main action a common question of law or fact."  Under Rule 24(b), the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

In the context of related civil and criminal proceedings, the Second Circuit has stated that the Government has "a discernable interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter."

3


*S.E.C. v. Chestman*, 861 F.2d 49, 50 (2d Cir. 1988) (*per curiam*).  Accordingly, intervention is appropriate under either Rule 24(a) or 24(b) where the Government is seeking to stay civil discovery pending completion of a related criminal investigation. *See, e.g., id*. (holding that it was not an abuse of discretion to allow the government to intervene under either Rule 24(a) or (b) in order to stay discovery); *Philip Morris Inc. v. Heinrich*, No. 95 Civ. 0328, 1996 WL 363156, at *18 (S.D.N.Y. June 25, 1996) (stating "a district court does not abuse its discretion in allowing intervention under either of the provisions of Rule 24" and granting government motion for a stay based on a criminal investigation).

In this case, the Government's pending Criminal Case warrants intervention under either provision of Rule 24.

1. Rule 24(a)

With respect to Rule 24(a), the Government's motion satisfies all the requirements to allow intervention as of right.  First, the Government's application is timely as the Civil Case is still in its early stages.  While the complaint was filed in March, the defendant only filed an answer two months ago.  Upon information and belief, the Local Rule 26(f) meeting has not taken place, discovery has not commenced, and substantive motions have not been filed.

As such, the Government's intervention will neither unduly delay the Civil Case, nor prejudice the adjudication of the rights of the parties to the Civil Case.  On the contrary, disposition of the Criminal Case will likely streamline discovery in the Civil Case, conserve judicial resources, and may well be dispositive of certain factual and legal issues in the Civil Case.  As demonstrated above, the allegations in the Civil Case and the Criminal Case are essentially the same: the defendant used his cell phone to video record himself engaging in sexually explicit conduct with

the victim, and therefore committed acts constituting criminal violations of 18 U.S.C. 2251 and 2252A.  Therefore, if the defendant is convicted in the Criminal Case, then plaintiffs in the Civil Case would not have to re-litigate the factual issue of whether the defendant committed those acts.  The judgment in the Criminal Case would suffice.  The civil parties and the Court could simply turn to the issue of damages, thereby saving time, expense, and judicial resources.

Second, the United States has a direct and protectable interest in the Civil Case to "prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." *Chestman*, 861 F.2d at 50.  Here, the Government has the highest interest in intervening because the Civil Case and the Criminal Case arise out of common questions of law and fact. *See S.E.C. v. Downe*, No. 92 Civ. 4092 (PKL), 1993 WL 22126, at *11 (S.D.N.Y. Jan. 26, 1993) (when there are common questions of law and fact, "the United States Attorney has demonstrated a sufficient interest in the present action to permit intervention").

Third, if the requested intervention and stay are not granted, the Government's ability to prosecute the criminal case will be adversely affected by the civil proceedings. The defendant will be able to use the broad scope of civil discovery to acquire information from witnesses before trial through depositions, interrogatories, and requests for admission, thereby gaining access to evidence, and theories of prosecution, to which they would ordinarily not be entitled under the Federal Rules of Criminal Procedure. Courts in the Second Circuit have repeatedly recognized federal and state prosecutors' need to intervene to stay civil discovery, where, as here, the allegations raised in the Civil Case and the Criminal Case are essentially the same.

Fourth, the plaintiffs cannot adequately protect the Government's interest in the integrity of a criminal case and the enforcement of criminal statutes.

Courts in the Second Circuit have generally granted intervention as of right under these circumstances. *See, e.g., S.E.C. v. Blaszczak*, Case No. 17-CV-3919 (AJN), 2018 WL 301091, at *1 (S.D.N.Y. Jan. 3, 2018) (concluding that the court must grant Government's motion for intervention under Rule 24(a)(2) because the Government has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter[.]" (internal quotation and citation omitted)); *S.E.C. v. Platinum Mgmt. (NY) LLC*, Case No. 16-CV-6848 (DLI) (VMS), 2017 WL 2915365, at *2 (E.D.N.Y. July 7, 2017) (granting Government's motion for intervention under Rule 24(a)(2) because motion was timely filed before any discovery had taken place in the civil case, and, therefore, no party had suffered prejudice; the Government had "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter[;]" civil proceedings could impair the Government's interest in limiting the defendants to the discovery available under the Federal Rules of Criminal Procedure; and Government was uniquely focused on the enforcement of criminal statutes (internal quotations and citations omitted)); *S.E.C. v. Shkreli*, Case No. 15-CV-7175 (KAM) (RML), 2016 WL 1122029, at *2 (E.D.N.Y. Mar. 22, 2016) (same).

2. Rule 24(b)

The Government's motion also satisfies all the requirements to allow permissive intervention under Rule 24(b). Rule 24(b) provides the district court with broad discretion to permit the Government to intervene in a private lawsuit where, as here, criminal charges and a civil action share questions of law and fact, and where the Government's intervention in the civil suit would not "unduly delay or prejudice the adjudication of the rights of the original parties."

6

Fed. R. Civ. P. 24(b).  Motions for permissive intervention are committed to the sound discretion of the district court. *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994); *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).

As discussed above, the Government's motion is timely, and the allegations in the criminal and civil cases are essentially the same, and therefore share questions of fact and law.  Moreover, the requested intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.  To the contrary, as discussed above, disposition of the Criminal Case first will likely streamline discovery in the Civil Case, conserve judicial resources, and may well be dispositive of certain factual and legal issues in the Civil Case.

As a general rule, courts in this circuit have exercised their discretion under Rule 24(b) in favor of permitting the government to intervene and to obtain a stay of discovery in a federal civil action where a related criminal proceeding involved common questions of law or fact. *See e.g., Chestman*, 861 F.2d at 49 (noting that district court originally granted intervention under Rule 24(b); *Bridgeport Harbour Place I, LLC v. Ganim*, 269 F. Supp. 2d 6, 8 (D. Conn. 2002); *Philip Morris Inc.*, 1996 WL 363156; *Downe*, 1993 WL 22126; *Twenty First Century Corp. v. LaBianca*, 801 F. Supp. 1007 (E.D.N.Y. 1992); *First Merchants Enterprise, Inc. v. Shannon*, 1989 WL 25214 (S.D.N.Y. 1989).

Accordingly, the United States respectfully requests that it be permitted to intervene for the limited purpose of moving to stay the Civil Case until the completion of the Criminal Case.

**B.      A Stay of this Case is Warranted Given the Related Criminal Case**

A stay of the Civil Case is mandatory under 18 U.S.C. § 3509(k).  That statute provides, in pertinent part:

> If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, *the civil action shall be stayed* until the end of all phases of the criminal action. . . . As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

18 U.S.C. § 3509(k) (emphasis added).  The term "child" is defined as a person "under the age of 18" who is alleged to be "a victim of a crime of physical abuse, sexual abuse, or exploitation[.]" 18 U.S.C. § 3509(a)(2).  The term "sexual abuse" means "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct[.]" *Id.* § (a)(8).  A victim of a crime of "exploitation" includes a victim of "child pornography[.]" *Id.* § (a)(2).

The language of 18 U.S.C.  3509(k) makes clear that a stay of a civil action for damages is mandatory when a related criminal action is pending.  *See Doe v. Epstein*, Case No. 08-80804-CIV, 2008 WL 11333124, at *2 (S.D. Fla. Aug. 6, 2008) ("a stay under § 3509(k) is mandatory when a criminal action is pending."); *Doe 1 v. Francis*, Case No. 5:03-CV-260 (MCR) (WCS), 2005 WL 517847, at *2 (N.D. Fla. Feb. 10, 2005) ("the language of 18 U.S.C. § 3509(k) is clear that a stay *is required* in a case such as this where a parallel criminal action is pending which arises from the same occurrence involving minor victims." (emphasis added)).

Courts have interpreted similar language in 18 U.S.C. § 1595(b)—which provides that a civil action for damages for trafficking victims "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim"—as a

"mandatory state provision." *Muchira v. Al-Rawaf*, 850 F.3d 605, 616 (4th Cir.), *as amended* (Mar. 3, 2017) (referring to 18 U.S.C. § 1595(b) as a "mandatory stay provision."); *Plaintiff A v. Schair*, 744 F.3d 1247, 1254 (11th Cir. 2014) (same); *see Ara v. Khan*, Case No. CV 07-1251 (ARR) (JO, 2007) WL 1726456, at *1-2, *3 n.2 (E.D.N.Y. June 14, 2007) (granting government's motion for leave to intervene and stay civil case, noting that 18 U.S.C. § 1595(b) "makes a stay mandatory" and that "[t]he relief the government seeks is mandatory if a criminal investigation is pending.").

Here, the victim of the Criminal Case is the individual for whom damages are being sought in the Civil Case. The victim is a "child," as defined in 18 U.S.C. § 3509(a)(2), because she was (and still is) under 18 years of age[1] and she is the alleged victim of sexual abuse and child pornography. In addition, both the Indictment and Civil Complaint make clear that the Criminal Case arises out of the same occurrence as the Civil Case: Mr. Manzano's use of his cell phone to create child pornography, specifically, a video of himself engaged in sexually explicit conduct with the victim.

Accordingly, pursuant to 18 U.S.C. § 3509(k), the Civil Case should be stayed until the conclusion of the Criminal Case.

---

[1] The indictment alleges that the victim was 15 years old at the time of the offense in August 2016. Indictment ¶ 2. She is currently 17 years old.

### III. CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that the Court grant the Government's motion to intervene for the limited purpose of seeking a stay of the Civil Case, and respectfully requests that the Civil Case be stayed until the conclusion of the Criminal Case.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/ Neeraj N. Patel
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:   (203) 821-3700
Fax:   (203) 773-5376
Email: neeraj.patel@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2018, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                */s/ Neeraj N. Patel*
                Neeraj N. Patel
                Assistant United States Attorney