UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Y.R., as parent and natural guardian of minor plaintiff, M.M., <br>    Plaintiffs, <br><br> v. <br><br> YEHUDI MANZANO, <br>    Defendant. | No. 3:18-cv-402 (SRU) |

### ORDER OF DISMISSAL

Federal Rule of Civil Procedure 41(b) provides that a plaintiff's case may be dismissed for "fail[ure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Plaintiffs Y.R. and M.M. (collectively, "Plaintiffs") have failed to prosecute this case by failing to comply with court orders. Accordingly, for the reasons set forth in this order, I dismiss this case pursuant to Rule 41(b).

**I.  Relevant Background**

On March 6, 2018, Y.R., plaintiff and natural guardian of minor plaintiff M.M., filed this lawsuit against defendant Yehudi Manzano seeking damages under 18 U.S.C. § 2255, a statute permitting a minor victim of sexual abuse or exploitation to file a civil suit to recover damages, and in connection with tort claims for negligent infliction of emotional distress and invasion of privacy. *See* Compl., Doc. No. 1. On June 11, 2018, Manzano answered the complaint. Doc. No. 12.

On May 3, 2018, in *United States of America v. Manzano* ("*Criminal Case*"), a federal grand jury returned a two-count indictment charging Manzano with production of child

pornography, in violation of 18 U.S.C. § 2251(a), and transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).  *See* Dkt. No. 3:18-cr-95, Doc. No. 1.

On August 1, 2018, the Clerk entered a notice in this matter advising the parties of their obligation to comply with District of Connecticut Local Rule of Civil Procedure 26(f).  Doc. No. 13.  Local Rule 26(f) provides that, within thirty days after the appearance of any defendant, the attorneys of record and any self-represented parties must confer for the purposes described in Federal Rule of Civil Procedure 26(f).  *See* D. Conn. L. Civ. R. 26(f) (citing Fed. R. Civ. P. 26(f)).  Local Rule 26(f) further provides that, within fourteen days after the conference, the participants must jointly file a report of the conference using form 26(f).  *Id.*  In the notice, the Clerk reminded the parties of the requirement to submit a form 26(f) report; ordered the parties to either demonstrate that they were exempt from the requirement to submit a form 26(f) report, or to file a form 26(f) report with a statement of good cause for failure to comply; and advised that failure to comply with the order by August 10, 2018 would result in dismissal of the complaint.  Doc. No. 13.

On August 9, 2018, the government moved to intervene in and stay this case pursuant to 18 U.S.C. § 3509(k), which mandates a stay of an action under section 2255 when there is a pending criminal action arising out of the same occurrence with the same minor victim.  *See generally* Doc. No. 15 (citing the *Criminal Case*).  On August 14, 2018, I granted the government's motion and stayed this matter.  Doc. No. 16.

On March 2, 2022, following lengthy proceedings in the *Criminal Case*, Manzano pled guilty to one count of transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1).  *See Criminal Case*, Docs. No. 145, 146.  On June 24, 2022, I sentenced Manzano for the transportation charge and granted the government's motion to dismiss the production

charge. *Criminal Case,* Doc. No. 167. On July 13, 2022, judgment entered. *Criminal Case,* Doc. No. 168.

On July 15, 2022, because all phases of the related criminal action had completed and final adjudication of the *Criminal Case* had rendered, I lifted the stay in the instant matter and ordered the parties to file a joint form 26(f) report on or before August 5, 2022. Order Lifting Stay, Doc. No. 17. On August 24, 2022, because the parties had failed to file a form 26(f) report as directed, I ordered that the parties file on or before September 6, 2022: (1) a written statement signed by all counsel of record demonstrating that this case is exempt from the requirement of filing a form 26(f) report; or (2) a form 26(f) report along with a written statement signed by all counsel of record explaining why sanctions should not be imposed for the parties failure to comply with Local Rule 26(f). Order (Aug. 24, 2022), Doc. No. 19. I advised that failure to comply with the order would result in dismissal of the complaint. *Id.*

As of September 14, 2022, neither a form 26(f) report nor a response to the Court's August 24, 2022 order has entered.

**II.     Standard of Review**

A district court may involuntarily dismiss an action under Rule 41(b) if a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); D. Conn. L. Civ. R. 41(a); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (holding that the district court "has the power under Fed. R. Civ. P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute"). The Court may dismiss on a defendant's motion or *sua sponte*. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Unless the order of dismissal states otherwise, a Rule 41(b) dismissal operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

3

The Second Circuit has repeatedly advised that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (cleaned up). In considering whether dismissal is appropriate, the Court must assess the record as a whole and consider the following five factors: (1) the duration of Plaintiffs' failure to comply with the court order, (2) whether Plaintiffs' were on notice that failure to comply would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with Plaintiffs' right to due process and interest in receiving a fair chance to be heard, and (5) the efficacy of sanctions less drastic than dismissal. *Id.*; *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (applying the five factor test to a Rule 41(b) dismissal for failure to comply with a court order); *see also Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994) (advising that the fourth factor requires balancing the court's interest in managing its docket with the plaintiff's "right to due process"). "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**III.   Discussion**

After considering the record as a whole and each of the five factors, I conclude that dismissal of the complaint is warranted.

The first factor, the duration of the delay, favors dismissal. The Second Circuit "breaks [this factor] down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *Drake*, 375 F.3d at 255.

Regarding attribution, I conclude that the failure to comply with Rule 26(f) is attributable to Plaintiffs. In general, a plaintiff has a "duty to take the necessary measures to prosecute [her] action in a timely manner or face dismissal of [her] action." *Hiller v. Farmington Police Dep't*,

4

2014 WL 992790, at *4 (D. Conn. Mar. 13, 2014).  Local Rule 26(f), in particular, provides that the Rule 26(f) planning conference "ordinarily shall be initiated by the plaintiff."  D. Conn. L. Civ. R. 26(f).  Accordingly, this Court has construed parties' joint failure to file a form 26(f) report as a plaintiff's failure to prosecute, *see*, *e.g.*, *Boyd v. Larregui*, 2021 WL 5359719, at *2 (D. Conn. Nov. 17, 2021); *Antilla v. L. J. Altfest & Co Inc.*, Dkt. No. 3:09-cv-2128, Doc. No. 12 (D. Conn. Mar. 16, 2010); and has construed a plaintiff's failure to participate in the Rule 26(f) planning process as a plaintiff's failure to prosecute, *see*, *e.g.*, *Boyd*, 2021 WL 5359719, at *2; *Pelletier v. Petsmart*, LLC, Dkt. No. 3:21-cv-437, Doc. No. 16 (D. Conn. May 21, 2021).

Regarding duration, this is a four-year old case.  In one sense, the delay arising from the failure to comply with Rule 26(f) has been lengthy, because the parties initially failed to comply with Rule 26(f) over three years ago, before the case was stayed.  *See* Doc. No. 13.  On the other hand, a stay pursuant to 18 U.S.C. § 3509(k) is mandatory, and I will not hold Plaintiffs accountable for the fact that proceedings were accordingly stalled.  Therefore, I deem the duration of the delay as beginning when the stay lifted two months ago.  Although two months is not an especially lengthy delay, I conclude that the duration of delay nevertheless favors dismissal.  Plaintiffs' failure to initiate and execute the Rule 26(f) planning process has yielded the absence of a case management plan.  Without a case management plan in place, this action cannot move forward.  *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982) (advising that failure to prosecute "can evidence itself . . . in an action lying dormant with no significant activity to move it").  Due to Plaintiffs' noncompliance with Rule 26(f), the current standstill could continue indefinitely.

The second factor, notice that noncompliance will result in dismissal, favors dismissal.  Plaintiffs were initially warned on August 1, 2018 that failure to comply with Rule 26(f) "will

result in dismissal of this case." Doc. No. 13. Plaintiffs were again warned on August 24, 2022 that failure to comply with Rule 26(f) "will result in dismissal of the complaint." Doc. No. 19. Taken together, then, Plaintiffs twice received notice of potential dismissal.[1] In the Second Circuit, two warnings constitute sufficient notice to favor dismissal. *See Hunter v. New York State Dept. of Corr. Services*, 515 F. App'x 40, 43 (2d Cir. 2013) (summary order) (concluding that the two warnings described therein sufficiently put the plaintiff on notice); *Chavis v. City of New York*, 2018 WL 6532865, at *4 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018) (deeming two warnings sufficient to warrant dismissal).

The third factor, prejudice to the defendants, favors dismissal. In general, the Court may presume that delay prejudices the opposing party. *Drake*, 375 F.3d at 256. Manzano's criminal proceedings were lengthy, and he is due to self-surrender for a term of incarceration on November 1, 2022. *Criminal Case*, Doc. No. 168. Plaintiffs' non-responsiveness prevents Manzano from advancing this related matter and bringing it to resolution.

The fourth factor, balancing the court's interest in managing its docket with Plaintiffs' right to due process, is neutral. The statute under which Plaintiffs bring suit, 18 U.S.C. § 2255, provides a civil remedy for personal injuries suffered by victims of child sexual exploitation. *See Smith v. Husband*, 376 F. Supp. 2d 603, 611 (E.D. Va. 2005) (describing some of the legislative history). Section 2255 civil damages are intended to supplement the criminal restitution required by 18 U.S.C. § 2259. *See* 18 U.S.C. § 2259(a) ("[I]n addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter."). The concurrent civil and criminal damages regimes evince strong legislative intent to provide

---

[1] Although there was a lengthy period in between the two warnings, Plaintiffs were represented by the same counsel when both warnings issued.

minor victims with restitution, counseling against dismissal.  At the same time, Plaintiffs appear to have declined to pursue restitution by failing to prosecute this matter.  In addition, even though the government invited M.M. to participate in Manzano's sentencing in the *Criminal Case*, M.M. appears to have declined to participate and pursue restitution there too.  *See Criminal Case*, Doc. No. 6, at 6 ("The Government has notified [M.M.] about the upcoming sentencing hearing and her rights under the Crime Victim Rights Act. . . . [T]o date, the Government has not received a victim impact statement from [M.M.] or a request for restitution.").  At this time, then, it appears that Plaintiffs have chosen not to exercise their rights.

The fifth factor, consideration of sanctions less drastic than dismissal, favors dismissal.  Dismissal is appropriate where a plaintiff repeatedly ignores a court order, especially where the plaintiff has been warned that sanctions could be imposed for noncompliance.  *E.g.*, *Ampudia v. Lloyd*, 531 F. App'x 32, 35 (2d Cir. 2013) (summary order); *Hiller*, 2014 WL 992790, at *4.  Nonetheless, I choose to balance Plaintiffs' rights against the extreme nature of dismissal for failure to prosecute by dismissing this case without prejudice.

### IV. Conclusion

After considering the relevant factors, I determine that dismissal pursuant to Federal Rule of Civil Procedure 41(b) is warranted because Plaintiffs have failed to prosecute this case by failing to comply with court orders.  Accordingly, this matter is hereby **dismissed** without prejudice.

If Plaintiffs wish to pursue this action, they may file a motion to reopen the case within **thirty days,** on or before October 17, 2022.  Any motion to reopen must set forth good cause for the failure to prosecute and to comply with court orders, and a basis for reopening the case.

If Plaintiffs fail to file a motion to reopen that complies with this order by October 17, 2022, the Court will convert this dismissal into one with prejudice.

I respectfully request that the Clerk close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of September 2022.

/s/ STEFAN R. UNDERHILL<br>
Stefan R. Underhill<br>
United States District Judge