UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| M.M.,<br>      Plaintiff,<br><br>      v.<br><br>YEHUDI MANZANO,<br>      Defendant. | No. 3:18-cv-402 (SRU) |

## RULING GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

M.M., a minor at the time she commenced this action by her parent and natural guardian Y.R. ("M.M." or "Plaintiff"), seeks summary judgment on her two claims for statutory damages arising under 18 U.S.C. § 2255(a), in connection with defendant Yehudi Manzano's conviction for transportation of child pornography. Manzano opposed summary judgment on the basis that M.M. failed to prove that she was the victim of Manzano's offense, which was essential to proving her claims. After receiving leave to supplement the record, M.M. cured the defect and proved the fact of her victimhood. Because there is no genuine dispute as to any material fact, she is entitled to judgment as a matter of law.

### I.     Factual and Procedural Background[1]

On March 6, 2018, Y.R., as parent and natural guardian of plaintiff M.M., filed this lawsuit against Manzano implying without expressly alleging that, in the course of a sexual relationship between Manzano and M.M., Manzano made and retained a video of Manzano and M.M. engaging in sexually explicit conduct (the "Civil Case"). Compl., Doc. No 1, at 2-3. Through Counts One and Four, Plaintiff seeks damages pursuant to 18 U.S.C. § 2255(a)

---

[1] I will refer to documents in Manzano's criminal case, *United States of America v. Yehudi Manzano*, Dkt. No. 3:18-cr-95, with the shorthand "Cr. Doc.," and to documents in this case without a shorthand for the case name.

("Section 2255"), which allows victims of child pornography to recover civil damages against people who have violated certain enumerated statutes, including 18 U.S.C. §§ 2251 and 2252A. Through Counts Two and Three, Plaintiff also asserts state law claims for negligent infliction of emotional distress and invasion of privacy.[2]

On May 3, 2018, a federal grand jury in the criminal matter *United States of America v. Manzano* (the "Criminal Case"), Dkt. No. 3:18-cr-95, returned a two-count indictment charging Manzano with production of child pornography, in violation of 18 U.S.C. § 2251(a) (Count One), and transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count Two) (the "Indictment"). *See* Cr. Doc. No. 1. The Indictment alleged that Manzano, then thirty-one years old, sexually assaulted a minor victim ("Minor Victim"), then fifteen years old; recorded the assault with his cell phone; and uploaded the video to his Google account. *Id.* The Indictment indicated that the minor victim was known to the Grand Jury but did not identify the victim by name, only as "Minor Victim" or "MV."

On June 11, 2018, Manzano answered the Complaint in the Civil Case. Ans., Doc. No. 12. Manzano left Plaintiff to her proof that she was a minor residing in Waterbury, Connecticut, and that Y.R. was her mother. *Id.* ¶¶ 6-7. Manzano admitted that he was an adult male; that a state arrest warrant charging him with sexual assault in the second degree and several counts of risk of injury to a minor issued on November 8, 2016; and that said warrant was "based upon allegations that the defendant had a sexual relationship *with the defendant*." *Id*. ¶¶ 10-11 (emphasis added). Manzano left Plaintiff to prove, *inter alia*, that "at the time of the sexual encounters, the plaintiff was under the age of sixteen." *Id.* ¶ 12.[3]

---

[2] The Complaint mislabels the third count as "count four." *Id.* at 4.
[3] Of note, although Plaintiffs indicated that M.M.'s "identity and date of birth, and her mother's name, are revealed in a sealed and otherwise identical Complaint filed herewith," no sealed complaint was filed. *See* Compl., ¶ 9.

2

On August 9, 2018, the government moved to intervene in and stay the Civil Case pursuant to 18 U.S.C. § 3509(k), which mandates a stay of an action under Section 2255 when there is a pending criminal action arising out of the "same occurrence" with the "same minor victim."[4]  Doc. No. 15.  In its motion, the government repeatedly asserted that M.M. was the victim in the Criminal Case.  *Id.* at 2, 9.  Manzano did not oppose the motion.  *Id.*  Taking the government's assertions as true for the purposes of ruling on the motion to intervene in and stay the Civil Case, I granted the relief sought by the government.[5]  Doc. No. 16.

On March 2, 2022, after lengthy proceedings before this Court and the United States Court of Appeals for the Second Circuit, Manzano entered into a written agreement to plead guilty to Count Two in the Criminal Case (the "Plea Agreement").  *See* Cr. Doc. No. 146.  Through the Plea Agreement, Manzano acknowledged that he "underst[ood] that, to be guilty of this offense, the following essential elements must be satisfied:

> (1) The defendant knowingly transported a visual depiction using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer;
>
> (2) The visual depiction was child pornography; and

---

[4] The statute provides in relevant part:
> If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, the civil action shall be stayed until the end of all phases of the criminal action. . . .  As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

18 U.S.C. § 3509(k).

[5] Although the government asserted in its motion to intervene that the plaintiff in this case is the Minor Victim in the Criminal Case, and those assertions were credible for the purpose of evaluating its motion, the government's assertions in its motions are not evidence in this case.  I note that courts interpreting 18 U.S.C. § 1595, which provides that a civil action for damages for trafficking victims shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim, routinely set a lower evidentiary standard for the government's motion to stay than the standard required of private claimants seeking a stay of proceedings pending resolution of a related criminal matter.  *See Ara v. Khan*, 2007 WL 1726456, at *1 n.2 (E.D.N.Y. June 14, 2007) ("The relief the government seeks is mandatory if a criminal investigation is pending, and the government is uniquely competent to provide a conclusive report of that fact. Accordingly, there is nothing that any party to the civil action could say in response to the motion for a stay that would likely change the outcome I now order."); *Doe v. Fitzgerald*, 2022 WL 18110021, at *4 (C.D. Cal. Dec. 14, 2022) ("The fact that it is the USAO, rather than the civil defendant, seeking a stay justifies a lower evidentiary burden not only because of the USAO's unique knowledge of the parallel criminal case, but also because of the purpose of the statute.").

> (3) The defendant knew that the visual depiction was of a minor engaged in sexually explicit conduct.

*Id.* at 1. He further "acknowledge[d]" that he was "entering into this agreement and is pleading guilty freely and voluntarily because he is guilty" and that his guilty plea, if accepted by the Court, would "satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which form the basis of the Indictment in this case." *Id.* at 8. Moreover, Manzano stipulated to the following offense conduct:

> On August 21, 2016, the defendant used his Samsung Galaxy phone bearing serial number R28G62WJY1F (the "Phone") to record a video of himself having sexual intercourse with a girl who he knew was under 18 years old (the "Minor Victim"). The video had a filename of "20160821_022439.mp4." The defendant knowingly caused the video to be transported over the internet to his online Google Photos account on the same day.

*Id.* at 12. The written plea agreement identified the minor victim as "a girl who he knew was under 18 years old" or the "Minor Victim." *Id.*

I accepted the Plea Agreement at a June 24, 2022 sentencing hearing, satisfied that the agreement adequately reflected the seriousness of Manzano's offense behavior and that accepting it would not undermine the purposes of sentencing. Cr. Doc. No. 167. Judgment in the Criminal Case entered on July 23, 2022. Cr. Doc. No. 168. Manzano did not appeal the judgment, rendering the judgment final.

On February 7, 2023, M.M. moved for summary judgment on her two claims for statutory damages, Counts One and Four of the Complaint in the Civil Case. Pl.'s Mot. for Summary Judgment, Doc. No. 30. Accompanying her motion for summary judgment, Plaintiff submitted a Local Rule 56 Statement of Material Facts and the judgment in the Criminal Case. Pl.'s R. 56 Stmt., Doc. No. 32; Judgment, Pl.'s Ex., Doc. No. 33. M.M.'s Local Rule 56 statement stated in relevant part:

4

> 1. At the time the defendant videotaped the minor plaintiff M.M. engaging in sexually explicit conduct, as defined by 18 U.S.C. Section 2256.
>
> 2. The defendant, Yehudi Manzano, is an adult male who was over the age of twenty-one when he videotaped the minor plaintiff MM engaging in sexually explicit conduct.
>
> 3. During a criminal investigation the defendant's Samsung Galaxy cellular phone had at least one video of the defendant and minor plaintiff engaging in sexually explicit conduct.
>
> * * *
>
> 6. On March 2, 2022, the defendant entered a guilty plea to a violation of 18 U. S. C. Section 2252A(a)(1). USA v Yehudi Manzano, 3:18CR95 (SRU) (USDC D. Conn) Dkt no 152.
>
> 7. The defendant had admitted to having knowingly transported a visual depiction of the plaintiff by any means or facility of interstate commerce or in or affecting interstate or foreign commerce by any means, including a computer, and that the visual depiction of the minor was child pornography and that the defendant knew that the visual depiction was of a minor engaged in sexually explicit conduct.
>
> 8. On July 13, 2022, a judgment was entered of 60 months imprisonment for violating 18 U.S.C. Section 2252A(a)(1). Ex 1. USA v Yehudi Manzano, 3:18CR95 (SRU) (USDC D. Conn) Dkt no 168.

Pl.'s R. 56 Stmt., Doc. No. 32,

On March 13, 2023, Manzano opposed M.M.'s motion for summary judgment and submitted a Local Rule 56(a)2 statement of material facts, responding in substantial part to the assertions in M.M.'s statement by identifying that no citation to any document nor any document in the record supported M.M.'s statement and that the assertion had thus not been established. Docs. No. 37, 37-1.  In his opposition memorandum, Manzano argued that summary judgment should not enter because Plaintiff had not "provided any evidentiary support that M.M. is a victim of or was a party aggrieved by the Defendant's actions."  Doc. No. 37 at 2.

On March 13, 2023, M.M. submitted a counter-statement of material facts citing without elaboration to various documents in the Criminal Case, including: the Plea Agreement and its

5

stipulation of offense conduct, Manzano's sentencing memorandum, and the judgment. Doc. No. 39 (citing Cr. Docs. No. 146, 162, 168). M.M. did not submit a reply brief.

I held oral argument on Plaintiff's motion for summary judgment on May 23, 2023. Doc. No. 43. At the hearing, I asked Plaintiff's counsel to identify evidence in the record substantiating that plaintiff M.M. was the minor victim in the Criminal Case. Unable to do so, counsel sought leave to submit an affidavit or identity evidence. I granted Plaintiff leave to supplement the record, and I granted Manzano one week to respond to Plaintiff's anticipated filing. *Id.*

On June 5, 2023, Plaintiff submitted an affidavit from Melitssa Maldonado, now 22-years-old, averring that she is plaintiff M.M. in the Civil Case as well as Minor Victim in the Criminal Case. Doc. No. 44.

As of today, August 1, 2023, Manzano has not responded to M.M.'s affidavit. M.M.'s affidavit, then, is uncontroverted.

**II.     Standard of Review**

Summary judgment is appropriate when the record demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The party moving for summary judgment bears the initial burden of identifying the portions of the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

When ruling on a summary judgment motion, the court must construe the facts of record in the light most favorable to the nonmoving party and must resolve all ambiguities and draw all

reasonable inferences against the moving party.  *Anderson*, 477 U.S. at 255; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970).  When a motion for summary judgment is properly supported by documentary and testimonial evidence, however, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but it must present sufficient probative evidence to establish a genuine issue of material fact.  *Celotex*, 477 U.S. at 327; *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

"Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).  If the nonmoving party submits evidence that is "merely colorable," or is not "significantly probative," summary judgment may be granted.  *Anderson*, 477 U.S. at 249–50 (citations omitted).

> The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.
>
> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

*Id.* at 247–48.  To present a "genuine" issue of material fact, there must be contradictory evidence "such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248.

**III.  Discussion**

Section 2255(a), known as "Masha's Law," allows for civil recovery by victims of certain enumerated statutes prohibiting child molestation, exploitation, and pornography.  18 U.S.C. § 2252(a)(1).  It provides in relevant part:

> Any person who, while a minor, was a victim of a violation of section . . . 2252A of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may . . . recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a). One offense enumerated in Section 2255(a) is Section 2255A of Title 18 of the United States Code, which proscribes the knowing transportation of any child pornography using any means or facility of interstate commerce, including by computer. 18 U.S.C. § 2252A(a)(1).

Section 2255(a) is distinguished by its "minimum-damages requirement" awarding liquidated damages, designed to "allow victims of child pornography to recover without having to endure potentially damaging damages hearings." *Doe v. Boland*, 698 F.3d 877, 882 (6th Cir. 2012) (citation and emphasis omitted), *cert. denied*, 133 S. Ct. 2825 (2013). "Because plaintiffs are not required to show specific injuries, 'it is the victimhood alone—and not any resulting effects—that forms the basis of a § 2255 action.'" *Doe v. Bruno*, 2017 WL 1424298, at *3 (D. Conn. Apr. 20, 2017) (quoting *Shovah v. Mercure*, 44 F. Supp. 3d 504, 510 (D. Vt. 2014)). Thus, a plaintiff's principal burden when seeking damages under Section 2255(a) is to establish his or her victimhood by a preponderance of the evidence. Because M.M. has carried that burden, there is no genuine dispute as to any material fact that Plaintiff is entitled to judgment as a matter of law.

*First,* M.M. establishes that she is a "person who, while a minor, was a victim of a violation of section . . . 2252A of this title. . . ." 18 U.S.C. § 2255(a). It is undisputed that Manzano was convicted of a covered offense, 18 U.S.C. § 2252A(a)(1). *See* Def.'s Local R. 56(a)2 Stmt. ¶¶ 6, 8. It is also undisputed that M.M. was the victim of that offense. When M.M. initially moved for summary judgment and Manzano opposed the motion, Manzano was correct

8

that none of the documents in the Criminal Case on which Plaintiff relied in her Local Rule 56(a)1 statement identified her as the Minor Victim in the Criminal Case. Since then, however, M.M. has offered uncontroverted evidence— her affidavit— establishing that she was the fifteen-year-old victim of Manzano's offense conduct and that she is the plaintiff in this case. *See* M.M. Aff., Doc. No. 44; Cr. Docs. No. 1, 146; *see also "AMY" v. Curtis*, 2021 WL 1391463, at *7-*8 (N.D. Cal. Apr. 13, 2021) (determining that a plaintiff's declaration self-identifying as a minor victim in child sexual abuse materials proved the fact of her victimhood).

Moreover, having proven that she was the victim of Manzano's criminal offense, M.M. has established that she suffered "personal injury as a result of" the violation of a covered offense. 18 U.S.C. § 2255(a). It is of no consequence that her affidavit does not describe any injury. As the "Minor Victim," M.M. was— by definition— "injured" by the offense conduct. *See Victim*, Merriam Webster (defining injury as "one that is injured . . . under any of various conditions"); *see also Boland*, 698 F.3d at 882 ("A victim by definition is someone who suffers an injury."); *N.S. v. Rockett*, 2018 WL 6920125, at *7 (D. Or. Oct. 19, 2018) ("Masha's Law makes clear that any victim of a predicate violation has, by virtue of that victimhood, suffered personal injury under § 2255.").

*Second*, by establishing her victimhood, M.M. "necessarily establish[es] entitlement to civil (liquidated) damages under Section 2255." *"AMY"*, 2021 WL 1391463, at *4. She need not demonstrate that she suffered actual damages because the statute expressly provides that any victim of a covered offense "shall be deemed to have sustained damages of no less than $150,000 in value." 18 U.S.C. § 2255(a). *Accord Boland*, 698 F.3d at 880; *Bruno*, 2017 WL 1424298, at *3; *Shovah v. Mercure*, 44 F. Supp. 3d 504, 510 (D. Vt. 2014).

There is no genuine dispute of any material fact that M.M. was a victim of a covered offense when she was a minor and that she suffered personal injury as a result. Taken together, she is entitled to judgment as a matter of law.

IV. **Conclusion**

For the foregoing reasons, I **grant** Plaintiff's motion for summary judgment. Doc. No. 30.

M.M. has not indicated whether she seeks liquidated damages or actual damages pursuant to 18 U.S.C. § 2255(a). In light of that fact, I hold entry of final judgment in abeyance. I grant M.M. leave to seek actual damages, costs, and/or attorneys' fees within **fourteen days** of entry of this order, on or before **August 15, 2023**. If no motion for actual damages, costs, and/or attorneys' fees enters on or before the deadline, the Clerk shall enter judgment in the statutory minimum amount of $150,000 on August 16, 2023. The deadlines set forth in this order may be extended for good cause pursuant to Local Rule 7(b).

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of August 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge